IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02075-BNB

RONALD CREIGHTON, JR.,

        Plaintiff,

v.

SERGEANT DENUZI,
SERGEANT HAPP,
SERGEANT ALLEN,
SERGEANT TEGUE,
SERGEANT HARRIS,
U.S. MARSHAL STEVE WALLISCH,
LIEUTENANT DEL KLEINSCHMIDT,
CLAUDIA VAN BUREN, and
LIEUTENANT JAMES LUCAS,

        Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 24 2009

GREGORY C. LANGHAM
                      CLERK

---

ORDER OF DISMISSAL

---

        Plaintiff Ronald Creighton, Jr., is an inmate at the Jefferson County Detention Facility in Golden, Colorado. Mr. Creighton has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. As relief he seeks damages and a transfer to another facility.

        Mr. Creighton has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319,

325 (1989).  For the reasons stated below, the Court will dismiss the complaint and the action as legally frivolous.

The Court must construe the complaint liberally because Mr. Creighton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Creighton alleges that he was arrested on July 11, 2006, and subsequently charged with fraud and other federal crimes. *See United States v. Creighton*, No. 06-cr-00372-WDM (D. Colo. filed Sept. 13, 2006).  He further alleges that he was placed in the custody of the United States Marshal's Service pending trial in his criminal case. Mr. Creighton asserts that he was detained for twenty-two months at the Federal Detention Center in Englewood, Colorado, (FDC-Englewood) and that he had access to the discovery materials in his criminal case on the electronic equipment available to inmates at FDC-Englewood.  He further asserts that on October 16, 2008, he was transferred to the Jefferson County Detention Facility and that he has not been able to access the discovery materials during his incarceration at that facility despite his repeated requests for access and the efforts of his attorney in his criminal case to get access for Mr. Creighton.  Mr. Creighton's criminal trial commenced on October 20,

2

2008, and he was found guilty on October 30, 2008. Mr. Creighton currently is awaiting sentencing in his criminal case and he alleges that his sentencing has been continued three times because he has not had access to the discovery materials. The Court notes that on September 2, 2009, Senior Judge Walker D. Miller entered a minute order in Mr. Creighton's criminal case granting Mr. Creighton's motion to lease a computer in order to provide him with access to the discovery materials.

Mr. Creighton claims in this action that his constitutional rights to due process and access to the courts has been violated by the failure to provide him with access to the discovery materials in his criminal case. Mr. Creighton also claims that his constitutional rights were violated when he was denied the necessary form to file an administrative grievance regarding his access to the discovery materials, although he concedes that he did manage to file a grievance as well as an appeal from the denial of that grievance. Finally, Mr. Creighton asserts a claim that he has been overcharged for medical requests and prescriptions in violation of Colorado state law.

The Court first will address Mr. Creighton's claim that his constitutional rights have been violated by the denial of access to his discovery materials. Although Mr. Creighton asserts this claim as a violation of both due process and access to the courts, the due process claim lacks merit because Mr. Creighton fails to allege the deprivation of any constitutionally protected interest in life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Therefore, the Court will address in detail only Mr. Creighton's claim that his constitutional right of access to the courts has been violated.

3

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). Furthermore, a prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Creighton's access to the courts claim lacks merit because he does not allege any actual injury in connection with the preparation of an initial pleading raising a nonfrivolous legal claim in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Lewis*, 518 U.S. at 349-55. To the extent Mr. Creighton's complaint could be construed as asserting a claim that his constitutional rights were violated in connection with his criminal trial, such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that if a judgment for damages favorable to a prisoner in a civil rights action necessarily would imply the invalidity of his criminal conviction, the action does not arise until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas

4

writ.  Any claim Mr. Creighton might assert with respect to his sentencing similarly would be barred by *Heck* unless and until Mr. Creighton successfully challenges the sentence that is imposed in his criminal case.  *See id.*  Furthermore, with respect to Mr. Creighton's pending sentencing, the Court again notes that Senior Judge Miller has granted Mr. Creighton's motion to lease a computer in order to provide Mr. Creighton with access to the discovery materials.

Mr. Creighton's contention that his constitutional rights were violated because he was denied the necessary form to file a grievance also lacks merit because, as noted above, Mr. Creighton was able to file an administrative grievance.  Furthermore, even if Mr. Creighton had not been allowed to file a grievance, that fact alone would not demonstrate the violation of a constitutional right.  *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam); *see also Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008).  Therefore, because Mr. Creighton fails to allege facts that might support an arguable claim, the constitutional claims will be dismissed as legally frivolous.

Finally, the Court declines to exercise supplemental jurisdiction over Mr. Creighton's state law claim challenging the amount of money he is charged for medical requests and prescriptions because the constitutional claims over which the Court has original jurisdiction will be dismissed.  *See* 28 U.S.C. § 1367(c)(3).  Accordingly, it is

ORDERED that Plaintiff's constitutional claims are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that the Court declines to exercise supplemental

jurisdiction over Mr. Creighton's state law claim.  It is

FURTHER ORDERED that the complaint and the action are dismissed.

DATED at Denver, Colorado, this _23_ day of ____Sept.____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02075-BNB

Ronald Creighton, Jr.
Prisoner No.  P01033415
Jefferson County Detention Facility
P.O. Box 16700
Golden, CO 80402


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk